# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**MICKEY W. JOHNSON**  **CIVIL ACTION NO. 6:11-cv-1314**
  **LA. DOC #380346**
**VS.** **SECTION P**

**JUDGE HAIK**

**WARDEN TERRY TERRELL** **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

*Pro se* petitioner Mickey W. Johnson filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on July 8, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Allen Corrections Center, Kinder, Louisiana. Petitioner attacks his July 28, 2005 first degree robbery conviction in the Fifteenth Judicial District Court, Acadia Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.

### *Background*

Petitioner was originally charged with armed robbery, however, on July 28, 2005 he was found guilty of the responsive verdict of first degree robbery. [Doc. 1-1, p. 1] On January 9, 2006 he was sentenced to serve 25 years at hard labor without benefit of parole. [Doc. 1-2, Exhibit C, pp. 46-61]

Petitioner appealed his conviction to the Third Circuit Court of Appeals arguing claims of

excessiveness of sentence and prosecutorial misconduct. On March 7, 2007 his conviction and sentence were affirmed in an unpublished opinion. *State of Louisiana v. Mickey Wayne Johnson*, 2006-1185 (La. App. 3 Cir. 3/7/2007), 951 So.2d 521 (Table). Petitioner's writ application was denied without comment by the Louisiana Supreme Court on November 9, 2007. *State of Louisiana v. Mickey Wayne Johnson*, 2007-0943 (La. 11/9/2007), 967 So.2d 502.

On August 21, 2008 petitioner filed a *pro se* application for post-conviction relief in the Fifteenth Judicial District Court arguing two claims for relief: (1) petitioner was prejudiced by the State's failure to provide petitioner with a copy of the recorded statement and rights form prior to trial, and (2) petitioner's counsel was ineffective for failing to move for recusal of the Assistant District Attorney who was a relative of the petitioner. [Doc. 1-2, Exhibit A, pp. 2-20] In due course, post-conviction counsel was appointed and an evidentiary hearing was convened on June 15, 2009. [Doc. 1-2, Exhibit B, pp. 21-20] At the conclusion of the hearing, the trial judge denied relief without further comment. [*Id.*, p. 39]

Petitioner, proceeding *pro se*, sought discretionary review in the Third Circuit Court of Appeals and when that effort proved unsuccessful, [Doc. 1-2, Exhibit D, pp. 62-84] the Supreme Court denied writs without comment on April 25, 2011. *State of Louisiana ex rel. Mickey Johnson v. State of Louisiana*, 2010-0961 (La. 4/25/2011), 62 So.3d 76. [see also Doc. 1-2, Exhibit E]

Petitioner filed the instant petition for *habeas corpus* on July 8, 2011. He argues the two claims for relief litigated in the State post-conviction proceedings – (1) failure to provide discovery and (2) ineffective assistance of counsel based on counsel's failure to seek recusal of the prosecutor. With regard to his first claim for relief, petitioner argues, "... because the State failed to provide trial counsel with the correct Statement of Rights form – the form executed on 12/19/2003 – trial counsel

was limited in its preparation for trial." [Doc. 1-1, pp. 6-7] As to his second claim, petitioner argues, "... Mr. LeJeune had been placed on notice by Petitioner, which was confirmed by Mr. Stefanski, that Mr. Hayes was related to Petitioner. As such, there was sufficient grounds to warrant the initiation of proceedings to have Mr. Hayes recused ... In the instant case, considering La. C.Cr.P. art 680(2), in order to have Mr. Hayes recused in this case, Mr. LeJeune would have to prove two things: (1) Mr. Hayes is related to Petitioner; and, (2) the relation would be of 'such an extent that it may appreciably influence [Mr. Hayes] in the performance of the duties of his office.' However, [Mr. LeJeune] did not even attempt to inquire into the matter any further, let alone seek recusal of Mr. Hayes." [Doc. 1-1, p. 12]

*Law and Analysis*

*1. Rule 4 Considerations*

Rule 4 of the Rules Governing Section 2254 Proceedings in the District Courts states in pertinent part, "If it plainly appears from the petition and any attached exhibit that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes interpretative of Rule 4 also state, "... it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 131 (6th Cir. 1970)." Petitioner has provided the relevant documents associated with his conviction and the subsequent post-conviction litigation, including the transcript of the evidentiary hearing convened on June 15, 2009. As is shown more fully below, it is manifestly clear that petitioner is not entitled to *habeas corpus* relief and therefore summary dismissal is recommended.

*2. Standard of Review*

The Louisiana courts addressed the merits and rejected both of petitioner's claims, therefore this Court must utilize the Standards for Review set forth in 28 U.S.C. § 2254(d)(1) and (2). Under these provisions, *habeas* relief is not available to a state prisoner on a claim which was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), while pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001). The state court's decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applies a rule contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. The inquiry into the issue of "unreasonableness" is objective. *Id.* at 409-10. A state court's <u>incorrect</u> application of clearly established Supreme Court precedent is not enough to warrant federal *habeas* relief – the application must also be <u>unreasonable</u>.

*Id.* at 410-12 (emphasis supplied).

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). In order to obtain *habeas* relief on the ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the presumption that the state court's factual findings are correct. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir.2000).

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F .3d 491, 493 (5th Cir.2002), citing *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002) (*en banc*) (emphasis supplied). Thus, the fact that neither the District Court nor the Supreme Court provided reasons for their judgments is of no moment – the deferential standard of review applies since their rulings were on the merits.

Finally, review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the merits of the habeas petitioner's claims. *Cullen v. Pinholster*, — U.S.—, 131 S.Ct. 1388, 1398 (2011).

### *Claim One – Discovery Issue*

With regard to Claim One, petitioner, in the State post-conviction proceedings, argued that his attorney "... advised the court that he had not received a complete discovery of the State's files where counsel was not provided with Petitioner's recorded statements of rights form prior to the trial date." [Doc. 1-2, Exhibit A, p. 12] Petitioner then further implied that the item (which counsel claimed was not part of the file when he exercised open file discovery) was an advice of rights form

executed on December 19, the day following petitioner's arrest. According to petitioner, "The Defense would have been allowed to inspect and ascertain whether or not the confession was obtained in violation of the 4th Amendment. Most importantly it would have been argued before the jury that the waiver of rights form was confected without Petitioner not [sic] having been advised of his rights prior to the confession being made... The state's deliberate and malicious strategy of not releasing or having the recorded statements of rights form provided to the defense prior to trial, hindered the Defense's ability to effectively prepare a defense against the introduction of the Petitioner's statement. Petitioner contends that the State never establish [ed] that the confession or inculpatory statement was free and voluntary and was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises."[*Id*., p. 14] He concluded by arguing, "There is no evidence to support that Petitioner was adequately advised of his rights prior to making the statements, therefore it was incumbent upon the trial court to suppress the confession and/or statement." [*Id*, p. 15]

As noted previously, counsel was appointed and an evidentiary hearing was convened on June 15, 2009. At that hearing, petitioner's trial counsel testified "... there were several items that weren't in the district attorney's file that we didn't realize were in the police officer's file until the trial started. And at that point in time, I objected because the formal discovery hadn't been answered and it wasn't available in the district attorney's file when we went through the open file review. So it was stuff that was not in the possession – or at least I maintain was not in the possession of the district attorney, but was actually in the possession of the police officers, so I had no ability to see it..." [Doc. 1-2, pp. 25-26] (Thereafter, counsel testified concerning the admission of photo arrays – evidence not at issue in petitioner's post-conviction litigation. [*Id*., pp. 27-29]) When asked to

6

testify about the alleged "statement" made by the petitioner and the advice of rights form, trial counsel testified, "... My recollection was that he never gave a formal statement until maybe several ... days after the fact. It was some statement against interests, maybe, that he made..." Counsel was asked whether he sought suppression of the statement and replied that he could not recall whether he sought to have the statement suppressed. He then testified, "... [Petitioner] always acknowledged that he committed a robbery. ... Our whole entire case was built around it being a simple robbery, which carried a maximum sentence of seven (7) years, and it wasn't an armed robbery or a violent ... crime of first degree... It was just a simple robbery. That was our entire case. So there may have been some objection to the introduction of the statement. But if my recollections are ... clear – and again, this has been several years – that the statement might not have been such a big concern to us because we were – we were trying this case – a perfect case would have been a conviction of robbery." [*Id.*, p. 30] Petitioner's post conviction counsel then engaged in the following colloquy with trial counsel:

> Q. Would it be correct to say that the defendant always asserted that he did not have a dangerous weapon in his possession?
>
> A. That's correct. He didn't have a dangerous weapon and he didn't pretend to have a weapon, that he never made any assertion other than 'Give me the money.'
>
> Q. Okay. Do you recall if the transcription or the statement given to the police had any admission by [petitioner] that he possessed a weapon at the time of the alleged robbery?
>
> A. My recollection is that it never – the statement never said anything other than, 'I took the money,' but he confirmed repeatedly that there was no force or weapon. [*Id.*, p. 31]

Under cross examination, trial counsel again reiterated, "... I don't specifically recall objecting to the

7

introduction of the statement. It's possible that I ... objected because I was objecting to a lot of things after the introduction of the photographic line-up. But, again, as I indicated to [post-conviction counsel], the statement may not have caused me as much concern because we were – we were admitting that we committed a robbery. And so the statement initially saying that I did this but I didn't do something more serious, I don't know if I would have seen that that was prejudicial to my client ... at the time." [*Id.*, p. 32][1]

Counsel's recollection comports with the statement of the case set forth in the Third Circuit's unpublished opinion on appeal, cited in petitioner's Memorandum. Therein petitioner himself quoted the following excerpt, "After his arrest, Defendant admitted to committing the robbery and stated that the cashiers probably thought he had a gun, but <u>he denied actually using a weapon in the robbery. At trial, Defendant could not remember whether he had threatened to shoot the cashiers during the act or whether he led the cashiers to believe that he had a weapon. However, Defendant acknowledged that, at the time of his confession, which was read to the jury, he had been sure that the cashiers thought he had a gun and thought that he had possibly led them to believe that he had a weapon.</u>" [Doc. 1-1, p. 3 (emphasis supplied)]

With regard to his first claim for relief herein, petitioner argues, "... because the State failed to provide trial counsel with the correct Statement of Rights form – the form executed on 12/19/2003 – trial counsel was limited in its preparation for trial." [Doc. 1-1, pp. 6-7] He also implies that this evidence was favorable to the defendant and material with regard to the issue of his guilt or innocence. [*Id.*, p. 7]

Rule 2(c)(1) and (2) of the Rules Governing § 2254 Proceedings states that a *habeas* petition

---

[1] Petitioner did not provide pages 12 and 14 of the hearing transcript.

8

must both "specify all the grounds for relief available to the petitioner..." and, "state the facts supporting each ground." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F.3d 1385, 1398–99 (5th Cir.1996), *cert. denied*, 520 U.S. 1242, 117 S.Ct. 1847, 137 L.Ed.2d 1050 (1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir.1996); see also *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir.) (" 'a court cannot consider a *habeas* petitioner's bald assertions on a critical issue in his pro se petition ... mere conclusory allegations do not raise a constitutional issue in a *habeas* proceeding'"), *cert. denied*, 519 U.S. 883, 117 S.Ct. 212, 136 L.Ed.2d 146 (1996); see also Advisory Committee Notes, 1976 Adoption, which, with regard to Subdivision c of Rule 2 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by an facts. Since it is the relationship of the facts to the claim asserted that is important, these petitions were obviously deficient.")

Here, petitioner provides only conclusory allegations to support his claim that the second advice of rights form was not timely provided and was material and favorable to the issue of petitioner's guilt or innocence. These conclusory allegations are unsupported by any facts or evidence and therefore petitioner's first claim is subject to dismissal on that basis alone.

Nevertheless, a complete review of the record that was available to the State courts reveals that this claim is also without a basis in fact or law. Petitioner did not provide any evidence at the post-conviction hearing to establish that his confession was not free and voluntary or that it was otherwise inadmissible into evidence. Further, it appears from the appeals court's statement of the case that petitioner testified at trial and his trial testimony apparently did not materially contradict the confession. The fact that counsel may not have been aware of the existence of a second advice of rights form until the day of trial appears not to have been a violation of the State's obligation to

9

provide pre-trial discovery, however, even if it was, the evidence was clearly not relevant to the issue of petitioner's guilt or innocence. In other words, petitioner has not shown that the State courts' dismissal of this claim was an unreasonable finding of fact or an unreasonable application of law and therefore he is not entitled to relief.

### *Claim Two – Ineffective Assistance of Counsel – Recusal*

In his application for post-conviction relief, petitioner argued, "Defense counsel's failure to object to and to have ADA Hayes recused was not a strategic choice but was a direct violation of the Sixth Amendment depriving Petitioner [of] adequate and effective representation." [Doc. 1-2, Exhibit A, p. 16] He concluded by arguing that "counsel knew or should have known the effect of the relationship between Petitioner and Assistant District Attorney Kim Hayes prohibited Petitioner from receiving a fair trial." [*Id.*, p. 17]

With regard to the recusal argument, trial counsel testified at the evidentiary hearing, "I do remember some discussions about a relationship [between the prosecutor and the petitioner], that there was a, you know, distant cousin or something to that nature, cousin by marriage or something." Counsel when asked if he recalled whether the prosecutor displayed any malice toward petitioner responded, "I never saw any signs of particular malice." [Doc. 1-2, Exhibit B, p. 31] On cross-examination, post-conviction counsel testified, "... I thought that [the prosecutor] and I had a good working relationship, as we had on other cases. He was very frank with me, and so if [petitioner] was concerned about it, I may not have been concerned with it because I felt that I had a good relationship with him." [*Id.*, p. 35]

The prosecutor in question was also called upon to testify at the post-conviction hearing. When asked whether he was aware that he "may be related" to the petitioner, he responded, "I am

10

not aware, even today, that we are related. Whether or not that was brought up at the time, I can't remember. But even as of today, I have no knowledge whatsoever of having any relation by blood or marriage to Mr. Johnson." [*Id.*, p. 37] Mr. Hayes, when asked whether he held any ill will toward petitioner at the time of the trial, stated, "Absolutely not. I did not know him." [*Id.*]

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The court's scrutiny is "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689–90. *Strickland's* prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir.2001) citing *Strickland*, 104 S.Ct. at 2068. However, self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland's* prejudice element." *Id.*

A trial attorney's failure to object does not constitute deficient representation unless there is a sound basis for the objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir.1997) (noting that a futile or "meritless objection cannot be grounds for a finding of deficient performance"). Even if a sound reason for objection exists, counsel may nonetheless render effective assistance despite a failure to object if the failure is clearly a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d

922, 930 (5th Cir.1993) (noting that a failure to object may be "a matter of trial strategy as to which [the courts] will not second guess counsel"). Federal courts should not second guess an attorney's decision through the distorting lens of hindsight. Instead, the court must presume that "counsel's conduct falls within the wide range of reasonable professional assistance ... [and], under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

Petitioner again argues in conclusory fashion that there were grounds to recuse the prosecutor; that his attorney's failure to assert those grounds in a formal motion constituted deficient performance; and, that had counsel moved for recusal of the prosecutor, the results of the trial and sentencing would have been different.

His arguments are clearly without merit. The testimony at the post-conviction evidentiary hearing establishes that there simply were no grounds to recuse the prosecutor. Indeed, under Louisiana law, before a prosecutor may be recused, it must be established not only that he "[i]s related to the party accused..." but also that he is related "... to such an extent that it may appreciably influence him in the performance of the duties of his office..." La. C.Cr.P. art. 680. As shown above, the prosecutor testified at the evidentiary hearing that he was unaware of any relationship he may have had to the petitioner. Further, there was NO evidence to establish that any relationship he may have had to the accused was such that it influenced him in the performance of his duties. Thus, even if counsel had moved for recusal, there is no indication that his motion would have been granted, and, as previously noted, a trial attorney's failure to litigate a futile issue can never constitute deficient representation. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir.1997).

Further, even if there were such grounds for recusal, petitioner's attorney testified that, as a matter of tactics and strategy, he probably would not have sought recusal since he was able to maintain a good relationship with the prosecutor.

Finally, petitioner has not, nor can he show, how he was prejudiced by his attorney's failure to move for recusal. He clearly cannot establish that "but for" his trial counsel's failure to move for recusal, the results of the trial would have been different.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a COA, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a COA should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    In Chambers, Lafayette, Louisiana September 14, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)